George R. WESTFALL, Plaintiff,

v.

The Honorable Richard T. ENRIGHT, Judge of the Circuit Court of St. Louis County, Missouri, Div. No. 3, Defendant.

No. 46294.

Missouri Court of Appeals,
Eastern District,
Division Six.

Nov. 2, 1982.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Dec. 17, 1982.

John D. Evans, St. Louis, for plaintiff.

Dewey S. Godfrey, Jr., St. Louis, for defendant.

---

CRIST, Judge.

This original action in prohibition is against the trial judge in *State v. Oggesen,* a criminal action pending in St. Louis County on multiple counts of burglary and stealing, to prevent sanctions against the State for the State's witnesses' failure to answer in writing written interrogatories propounded by the criminal defendant Oggesen. We issued our preliminary order in prohibition in September, 1982. We now make that preliminary order absolute.

There is no general right of discovery in Missouri criminal cases. *State v. Aubuchon,* 381 S.W.2d 807, 813 (Mo.1964). Discovery that is permitted must be provided for by statute or rule of court, and is subject to such conditions as the State may fix. *Id.* at 812–13. Oggensen's interrogatories were exactly that—written questions like those permitted in civil actions which the witnesses were to answer in writing under oath. As neither the Missouri criminal code nor our Rules of Criminal Procedure make any provision for such interrogatories, the witnesses could properly refuse to answer them and the State cannot be sanctioned on their doing so. *See: State v. Maxie,* 513 S.W.2d 338, 344 (Mo.1974); *State v. Cox,* 352 S.W.2d 665, 673 (Mo.1962).

Oggesen contends we should uphold his interrogatories under Rule 25.12 as seeking the witnesses' depositions on "written questions." The Rule provides, in its pertinent part:

> "A defendant in any criminal case pending in any court may obtain the deposition of any person on ... written questions. The manner of taking such depositions shall be governed by the Rules relating to the taking of depositions in civil actions...."

Depositions upon written questions in civil actions are covered by Rule 57.04. Among other things, the Rule provides for the questions to be answered by the witness' testimony, taken according to the procedure for oral depositions set out in Rule 57.03(d), (f), and (g). That is not the procedure defendant Oggesen seeks to employ, which belies his assertion his interrogatories are but written questions for depositions.

Prohibition is a proper remedy for discovery orders like this one which the trial court would have no authority to issue or enforce. *See State ex rel. Kubatzky v. Holt,* 483 S.W.2d 799, 803 (Mo.App.1972). Accordingly, we make our preliminary order issued herein absolute, and further order the interrogatories served on the State's witnesses to be stricken and that no sanctions shall be ordered against the State on its witnesses' failure to answer those interrogatories.

DOWD, P.J., and PUDLOWSKI, J., concur.