**STATE of Missouri, Respondent,**

v.

**Roy H. HOY, Jr., Appellant.**

**No. WD 39029.**

Missouri Court of Appeals,
Western District.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 29, 1987.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

Albert A. Riederer, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for respondent.

Before KENNEDY, C.J., and SHANGLER and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Roy Hoy was charged by information filed March 6, 1986, with the class D felony of nonsupport of his two children. Section 568.040, RSMo 1986. A jury convicted Hoy of the class A misdemeanor of nonsupport. He was sentenced to 30 days in jail and a fine of $500 to be suspended upon Hoy's payment of $250 in child support. Hoy has appealed on a number of grounds. The issue on which disposition of this appeal turns is whether a civil decree of dissolution naming children born of a marriage acts to preclude the issue of paternity in a criminal prosecution for non-support.

There is little dispute about the facts supporting the verdict. Roy and Catherine Hoy were married in December, 1971. The marriage ended in divorce in March, 1982. The findings of fact in the Decree of Dissolution recite that two children were "born of the marriage." Under the terms of the decree, Hoy was ordered to pay his ex-spouse seventy five dollars per month per child as support. It is undisputed Hoy made only two child support payments in the some four years between the divorce and the instigation of this criminal action for nonsupport.

Hoy's point concerning his pretrial request for serological blood tests on himself, his wife, and the two children as a means to contest paternity will now be taken up. The request was overruled based on the trial court's opinion the challenge could not be maintained since the issue of paternity had been settled in the divorce action. In argument on the motion, both the trial court and the prosecution acknowledged that paternity was an issue to be proven by the state in a nonsupport case, but the court denied the discovery motion by giving the decree in the civil case the effect of collateral estoppel on the issue of paternity. In the course of the trial evidence as to paternity was presented by the prosecution through Catherine Hoy, who testified that the couple had had two children during the marriage. The dissolution decree was also received in evidence. Hoy presented no evidence as to paternity. During oral argument in this court, counsel for Hoy asserted without the blood test evidence, Hoy's assertion that he was not the father would only have served to antagonize the jury.

Hoy now contends that the trial court erred in overruling his request for blood tests because the use of collateral estoppel was inappropriate and denied him due process by preventing his defense of nonpaternity.

There is no question that § 568.040 includes the element of paternity. The section states that "a *parent* commits the crime of nonsupport if such *parent* knowingly fails to provide, without good cause, adequate support which such *parent* is legally obligated to provide for *his* minor child or *his* stepchild." (Emphasis added). Furthermore, the applicable jury instructions require a finding of paternity; the state must prove beyond a reasonable doubt "that Roger G. Hoy and Thomas S. Hoy were then the defendant's children...." MAI–CR3d 22.08. The state's present contention that paternity is not an element of the crime is rejected.

Disposition of this appeal must start with certain premises basic to criminal law. "[I]t goes without saying that the state is always obliged to establish every constituent element of the offense." *State v. Osborne,* 413 S.W.2d 571, 573 (Mo.App.1967). The state must prove each element of the offense and defendant's guilt thereof beyond a reasonable doubt. *Charles v. State,* 573 S.W.2d 139, 141 (Mo.App.1978); *State v. Fitch,* 162 S.W.2d 327, 330 (Mo.

App.1942). The requirement that each element be proved beyond a reasonable doubt is a constitutional due process right. *State v. Bailey*, 645 S.W.2d 211, 212 (Mo.App. 1983). The beyond a reasonable doubt standard of proof is higher than the civil preponderance of the evidence standard. The higher standard is intended to provide a measure of protection to an accused when his liberty interest is at stake. At issue here is whether the requirements of due process are satisfied when the trial court denies a defendant's request for blood tests to challenge paternity and bases that denial on a civil divorce decree.

Hoy argues on appeal that the denial of his request for blood tests was error because collateral estoppel was not proper, preventing him from presenting his defense of nonpaternity and violating his due process rights. This court agrees the collateral estoppel effect given the civil decree creating his obligation of support was inappropriate. While the parties base their arguments for and against appropriateness on the generally accepted elements of collateral estoppel, *see e.g. Oates v. Safeco Insurance Co. of America*, 583 S.W.2d 713 (Mo. banc 1979), a broader and different approach is here required. The trial court denied Hoy's request for blood tests because of the pre-existing divorce decree which recited that two children were born during the marriage. One court addressing this issue held a criminal defendant is not collaterally estopped from raising issues determined against him in a prior civil action. *United States v. Beery*, 678 F.2d 856, 868 n. 10 (10th Cir.1982). "In view of the different degrees of proof in civil and criminal cases, the adjudication of a fact in a civil proceeding is not binding in a criminal case under principles of collateral estoppel." *Id.* In other words, making the judgment in a civil action conclusive of an element in a criminal action denies a defendant due process because his guilt is not proved beyond a reasonable doubt, and because he is not allowed to present relevant evidence negating an element of the crime. Similarly in *Patterson v. Municipal Court, County of Santa Clara*, 232 Cal.App.2d 289, 42 Cal.Rptr. 769, 777 (First District 1965), the court refused to give conclusive effect to a prior civil action in a criminal nonsupport matter: "We have found no case and have been cited to none which holds that a judgment in a civil action may be applied as collateral estoppel in a criminal case." The factual setting here is not exactly the same. The jury here was never actually advised the court considered the paternity element conclusively established—the defendant was denied discovery of scientific evidence by reason of the civil decree.

The decree of dissolution was, however, improperly used. By applying collateral estoppel to the Hoy's decree findings, the court denied Hoy the use of relevant and potentially exculpatory evidence. That ruling, in effect, served to conclusively and unfairly establish the issue of paternity and violate Hoy's due process rights.

While the state argues that Hoy was only precluded from having blood tests done, and not from contesting paternity, this court agrees with Hoy in assuming that any denial of paternity on his behalf without more substantial evidence would have risked inflaming the jury against him given the divorce decree and Catherine Hoy's testimony. In order that Hoy's due process right to present evidence as to each element of the criminal charge against him be protected and in order to allow him to refute the state's case, Hoy is entitled to a new trial after an order for blood tests.

Because of this decision, a comment regarding the effect of the divorce decree is in order to aid the trial court on remand. The divorce decree's effect in the resolution of the paternity issue is comparable to the presumption of legitimacy afforded a child born in wedlock. *In re L___*, 499 S.W.2d 490 (Mo. banc 1973). A child born during wedlock is presumed to be the child of the mother's husband. *L.M.K. v. D.E.K.*, 685 S.W.2d 614 (Mo.App.1985). This presumption is rebuttable and is overcome by a showing of substantial evidence. *In re L___*, at 492. Similarly, the divorce decree may serve as evidence in the criminal prosecution of Hoy. It must, however, be subject to Hoy's contrary evidence. The

decree adjudicated the obligation of Hoy for support of children born of marriage, and as such was admissible in the criminal case. Coupled with the ex wife's testimony, that the obligation to pay support adjudicated by the dissolution decree had not been met and the presumption of legitimacy, the state made a prima facie case. If the divorce decree as evidence is not refuted, it may serve to convince the jury as to that element, but where, as here, the evidence to counter is refused, the court has in effect created an irrebutable or conclusive presumption in violation of the defendant's rights.

The judgment is reversed and the cause remanded for a new trial following an order allowing blood tests.