STATE of Missouri, Respondent,

v.

Randy Eugene WILLIAMS, Appellant.

No. 19374.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 22, 1994.

Jon Van Arkel, Dist. Public Defender, Springfield, for appellant.

Millie Donohoe, Asst. Pros. Atty., Greene County, Springfield, for respondent.

MONTGOMERY, Judge.

The trial court found Defendant guilty of criminal non-support in violation of § 568.040, RSMo Supp.1991. After Defendant was sentenced to one year in jail, execution of the sentence was suspended and he was placed on probation. Defendant appeals, contending the evidence was insufficient to support the judgment of conviction. Examination of the record shows that this contention is without merit, and therefore the judgment must be affirmed.

■ Rule 27.01(b)[1] states that the findings of the court in a bench-tried criminal case shall have the force and effect of the verdict of the jury. In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989).

■ In his sole point Defendant asserts that the State failed to prove that he was the father of the minor child. Evidence at trial favorable to the State was as follows: The child's mother testified that she and Defendant formerly resided together and that Defendant is the father of her child. In addition, the trial court admitted into evidence a certified copy of a Greene County Circuit Court paternity decree dated July 9, 1990, declaring Defendant to be the father of the minor child.

In *State v. Brown,* 446 S.W.2d 498 (Mo. App.1969), the court held that where the mother testified that the defendant was the father and both admitted living together there was substantial evidence to support the finding that the defendant was the father of the minor children. In the present case the mother's testimony was almost identical to the testimony adduced in *Brown.* Such testimony, without regard to the paternity decree, is substantial evidence to support the finding that Defendant was the father of the child.

Defendant directs our attention to *State v. Hoy,* 742 S.W.2d 206 (Mo.App.1987). In *Hoy,* the issue was whether a civil decree of dissolution naming defendant as the father of children born of a marriage precludes the issue of paternity in a criminal prosecution for non-support. The trial court denied defendant's request for blood tests because of the dissolution decree which declared that defendant was the father of the children. The appellate court held that by applying collateral estoppel to the divorce decree's findings, defendant was denied the use of relevant and potentially exculpatory evidence, thereby violating his due process rights. *Id.* at 208.

■ Defendant's reliance on *Hoy* is misplaced. Here, Defendant made no request for any blood tests to prove his innocence as was done in *Hoy.* Therefore, the mere admission of the paternity decree in this case did not operate to deny Defendant any due process rights. In fact, *Hoy* points out that a divorce decree may serve as evidence in a criminal prosecution for non-support. 742 S.W.2d at 208.

■ In his argument, Defendant invites our review of whether his due process rights were violated because he was allegedly without adequate notice that an order and judgment regarding paternity had been entered. This contention does not appear in Defendant's point before us. A reviewing court is obliged to determine only those questions stated in the points relied on. Issues raised

---

1. Rule references are to Missouri Rules of Court (1994).

only in the argument portion of the brief are not presented for review. *Mashburn v. Tri–State Motor Transit Co.*, 841 S.W.2d 249, 252 (Mo.App.1992).

The judgment of the trial court is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.