**STATE of Missouri, ex rel. Robert E. GEORGE, Prosecuting Attorney of Lawrence County, Missouri, Relator,**

v.

**Honorable Samuel C. JONES, Associate Circuit Judge, Lawrence County, Missouri, Respondent.**

No. 20808.

Missouri Court of Appeals,
Southern District,
Division Two.

July 16, 1996.

Robert E. George, Pros. Atty., Lawrence County, Mt. Vernon, for relator.

Anne Lasswell, Special Dist. Defender, Springfield, for respondent.

ORIGINAL PROCEEDING
IN PROHIBITION

*PRELIMINARY ORDER IN PROHIBITION MADE ABSOLUTE*

PARRISH, Judge.

Relator is the prosecuting attorney of Lawrence County, Missouri. He seeks to prohibit the respondent associate circuit judge from enforcing an order directing the state to make disclosures pursuant to a request for discovery made by a criminal defendant prior to his preliminary hearing. This court issued a Preliminary Order in Prohibition that prohibited the respondent judge from requiring the state to make the requested disclosures. That order is made absolute.

A case is pending in the Associate Circuit Judge Division of the Circuit Court of Lawrence County, Missouri, styled *State of Missouri v. Michael A. Salazar, Jr.,* Lawrence County case No. CR496–11F. The case is awaiting preliminary hearing. It is pending on a four-count felony complaint in which the defendant is accused of committing two murder in the first degree offenses and two armed criminal action offenses.

 The defendant in that case filed a motion for discovery prior to preliminary hearing. Respondent granted the motion ordering the state to disclose the following:

(1) The names of witnesses the State expects to call at preliminary hearing. (2) Any written or recorded statements given by the witness. (3) Any memoranda or reports of interviews of witnesses. (4) Any written reports or a summary of any oral reports given by any witness on the subject of the testimony to be elicited by the State from that witness at preliminary hearing. (5) Any exhibits to be offered together with an opportunity to view the exhibits at a reasonable time prior to March 5, 1996.

Absent express statutory provisions or rule of court, discovery in criminal cases is not permitted. *State v. Clark,* 711 S.W.2d 885, 888 (Mo.App.1986); *Westfall v. Enright,* 643 S.W.2d 839, 840 (Mo.App.1982). Rules 25.01 through 25.16 prescribe what discovery is permissible and when it may be conducted.

Rule 25.02 states, "Discovery may commence upon the filing of the indictment or information." An information charging a felony may not be filed until the accused has been afforded a right to a preliminary hearing. § 544.250, RSMo 1994.

The language in Rule 25.02, quoted above, regarding when discovery in criminal cases is permissible was interpreted in *State v. Howell,* 524 S.W.2d 11 (Mo. banc 1975). At the time *Howell* was decided, the language was part of Rule 25.30 (repealed). *Howell* holds that this language does not permit discovery at the preliminary hearing stage of criminal proceedings. *Id.* at 20. Since the effective date of Rule 25.02, its application has been consistent with the holding in *Howell. See State v. Uelentrup,* 910 S.W.2d 718, 721 n. 6 (Mo.App.1995); *State v. Charity,* 637 S.W.2d 319, 323 (Mo.App.1982).

Discovery in criminal cases may be undertaken only after indictment or the filing of an information. The criminal case which gave rise to this proceeding was not commenced by indictment. It is before the respondent judge by reason of the filing of a criminal complaint. No information has been filed in that the defendant in the case has not been ordered to answer to the charge. Respondent is not authorized to permit discovery. The Preliminary Order in Prohibition is made absolute.

CROW, P.J., and SHRUM, J., concur.