**STATE of Missouri ex rel. STATE of Missouri, Relator,**

v.

**The Hon. Robert L. CAMPBELL, Judge of the Circuit Court of St. Louis County, Missouri, Respondent.**

No. 71256.

Missouri Court of Appeals, Eastern District, Division Six.

Dec. 24, 1996.

Michael J. Smith, St. Louis, for Relator.

Andrew M. Salmon, St. Louis, for Respondent.

DOWD, Presiding Judge.

Gregory Julian ("Defendant") was charged by the State with two counts of criminal non-support, § 568.040 RSMo 1994,[1] for allegedly knowingly failing to provide adequate support for two children born to his ex-wife during their marriage. Defendant filed a motion requesting that serological blood tests be performed on the children to determine paternity. Respondent granted the motion.

The State brought this original proceeding in prohibition to prevent Respondent from enforcing the order authorizing the blood tests. The State contends such an order exceeds the authorized scope of discovery because the children are not parties to the criminal proceeding and because paternity is irrelevant to a charge of non-support when a parent-child relationship has been established by a prior divorce decree. We find the second argument dispositive and therefore make our preliminary writ absolute.

---

1. All further statutory references are to RSMo 1994.

■ Prohibition is a proper remedy for discovery orders which the trial court has no authority to issue or enforce. *Westfall v. Enright*, 643 S.W.2d 839, 840 (Mo.App.E.D. 1982). No general right to discovery exists for criminal cases in Missouri. *Id.* Unless authorized by a statutory provision or rule of court, discovery is not permitted. *State v. Sinner*, 772 S.W.2d 719, 721· (Mo.App.E.D. 1989). Here Respondent relies upon Rule 25.04, which permits a defendant to request the disclosure of materials and information not covered by the initial mandatory disclosure provisions of Rule 25.03. Rule 25.04(A) instructs courts to order compliance with reasonable requests for disclosures of material and information if they are found by the court to be relevant and material to the defendant's case. The plain language of this rule grants no authority to a trial court to order the disclosure of material or information which is irrelevant to a defendant's case.

In the instant case, the paternity of the two children is clearly irrelevant. Defendant is charged with two violations of § 568.040. This section provides in relevant part:

> ... a parent commits the crime of nonsupport if he knowingly fails to provide, without good cause, adequate support which a parent is legally obligated to provide for his child.

The word "child" is defined by § 568.040.2(1) as "... any biological or adoptive child, or any child legitimated by legal process, or *any child whose relationship to the defendant has been determined, by a court of law in a proceeding for dissolution or legal separation, to be that of child to parent.*" (Emphasis added). Defendant does not dispute that the dissolution decree which ended his marriage to the children's mother found him to be the children's father and ordered him to pay child support. Therefore, for purposes of this statute, each of the children named in the indictment is Defendant's "child" regardless of whether or not he is the biological father. That being the case, the results of Defendant's proposed blood test are irrelevant to his guilt or innocence.

Respondent relies on *State v. Hoy*, 742 S.W.2d 206 (Mo.App.W.D.1987) as support for his alleged right to have blood tests performed. The facts in *Hoy* are similar to the instant case. A man was charged and convicted of criminal non-support. Before trial he requested and was denied blood testing of the children he allegedly fathered. *Id.* at 207. The State relied on a dissolution decree and the testimony of the mother to establish that Hoy was the father. *Id.* The trial court found that the dissolution decree collaterally estopped Hoy from contesting paternity in his criminal case. *Id.* Our colleagues in the western district reversed the conviction, holding that the use of the civil dissolution decree to establish the criminal element of paternity was a violation of Hoy's due process rights. *Id.* at 208. The court also found that the defendant was entitled to blood tests to effectively answer the charges against him. *Id.*

The instant case is distinguishable in at least one significant respect. When *Hoy* was decided, § 568.040.2 defined a child only as a biological, legitimized or adopted child. The definition was amended in 1990 to include children whose relationship to the defendant had been determined by a court of law, in a dissolution or legal separation proceeding, to be that of parent to child. After this amendment became effective, there were four categories of children included in the definition of "child": (1) biological children; (2) adoptive children; (3) children legitimated by legal process; and (4) children whom a court of law, presiding over a dissolution or separation proceeding, has found to be in a parent-child relationship with the defendant. The State may establish that a child is a defendant's "child" by showing that he or she is a member of any one of the four categories.

In *Hoy*, the State attempted to use the dissolution decree to establish that the children were the biological offspring of the defendant and therefore met the statutory definition of "child." But in the instant case, the State is relying upon the dissolution decree only to establish that the children have been judged to be in a parent-child relationship with Defendant and therefore meet the statutory definition of "child." Because the State is attempting to show the children satisfy the new definition, it must simply prove beyond a reasonable doubt that a court of law, in the

course of a dissolution or separation proceeding, determined that Defendant and these children were in a parent-child relationship. Because the State is not attempting to establish paternity as it did in *Hoy*, the biological parentage of the children is irrelevant to the charges against Defendant.

For the same reason, Respondent's reliance on *State v. Williams*, 887 S.W.2d 769 (Mo.App.S.D.1994), is misplaced. While *Williams* was decided following the amendment to § 568.040.2, it, like *Hoy*, addressed a prosecution for non-support in which the State relied on a showing of paternity to establish that the children met the definition of "child."

■ Respondent finally contends that this interpretation of the amendment to § 568.040.2 results in a violation of Defendant's right to due process under the law, as it allows an element of a criminal offense to be satisfied solely by the determination of a civil order. We disagree. The issues to be decided by the two courts are different. The determination made in the dissolution court is whether a parent-child relationship existed. The determination made in the criminal proceeding is whether a dissolution court found that a parent-child relationship existed. Rather than replacing the State's obligation to prove a criminal element beyond a reasonable doubt with a civil standard, the amendment to § 568.040.2 is another example of the legislature choosing to make the violation of a civil court order a criminal offense. *See State v. Schleiermacher*, 924 S.W.2d 269 (Mo. banc 1996); (reviewing § 455.010(1), which prohibits violation of a court order of protection proscribing abuse or harassment of a victim). Respondent's final argument is without merit. Since we find this point dispositive, we decline to consider Relator's first point.

We therefore order the preliminary writ heretofore issued be made permanent and direct Respondent to refrain from enforcing the order authorizing the blood tests.

AHRENS, C.J., and HOFF, J., concur.