**STATE of Missouri ex rel. David C. DALLY, Prosecuting Attorney of Jasper County, Relator,**

v.

**The Honorable Richard D. COPELAND, Judge of the Circuit Court of Jasper County, Respondent.**

No. 22401.

Missouri Court of Appeals, Southern District, Division One.

March 11, 1999.

Jerry L. Holcomb, Asst. Pros. Atty., Joplin, for Relator.

Jennifer L. Moore, Asst. Public Defender, Carthage, for respondent.

CROW, Judge.

This is an original proceeding in prohibition. Relator is the Prosecuting Attorney of Jasper County; Respondent is an associate circuit judge of the Circuit Court of Jasper County. Relator asks this court to bar Respondent from enforcing an order entered by Respondent in a criminal case ("the underlying case").

Relator instituted the underlying case on September 17, 1997, by filing an information alleging that Donald Jerry Hutchison ("Defendant") committed the class A misdemeanor of nonsupport in violation of § 568.040, RSMo 1994, in that from January 1, 1997, through July 31, 1997, he knowingly failed to provide, without good cause, adequate "food, clothing, lodging, medical support or surgical attention" for Jennifer Hutchison and Christopher Hutchison, Defendant's minor children for whom he was legally obligated to provide such support.

For reasons unexplained in the fragmentary record, Defendant was not arraigned until February 27, 1998.

On May 1, 1998, Defendant filed an "Amended Motion for Blood Test." The motion read, *inter alia:*

> "Defendant ... moves this Court pursuant to Supreme Court Rule 25 to order Defendant ... and Defendant's alleged child, Christopher Hutchison; and the mother/custodial parent of Christopher Hutchison, Rebecca Ann Hutchison; to submit to blood tests to determine the paternity of said child, Christopher Hutchison."

Relator opposed Defendant's motion, arguing that Defendant's paternity of Christopher had been established by a decree of dissolution of marriage in 1992. Consequently, insisted Relator, Defendant's "biological parenthood" of Christopher "is not an issue."

Respondent granted Defendant's motion.

Relator thereupon commenced this prohibition proceeding, praying this court to command Respondent "to take no action to carry out the order and to refrain from compelling paternity testing in [the underlying] case."

This court issued a preliminary order in prohibition barring Respondent from enforcing his order until further direction from this court.

Respondent thereafter filed an answer to Relator's petition, and the parties filed briefs pursuant to Rule 84.24(i), Missouri Rules of Civil Procedure (1999).

This court must now determine whether it should issue a peremptory writ in prohibition pursuant Rule 84.24(*l* ).

Relator's petition and Respondent's answer establish that a decree of dissolution of marriage was filed in the Circuit Court of Jasper County on May 22, 1992, dissolving the marriage of Defendant and Rebecca Ann Hutchison. The decree declared that two children were born of the marriage: Jennifer Erin Hutchison, born August 27, 1985, and Christopher Aaron Hutchison, born May 18, 1989. The decree awarded custody of both children to Rebecca and ordered Defendant

to pay Rebecca child support of $366 per month.

Section 568.040, RSMo 1994, was in force during the period when Defendant allegedly failed to support Jennifer and Christopher (January 1, 1997, through July 31, 1997). It reads, in pertinent part:

"1 .... a parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his child ... who is not otherwise emancipated by operation of law.

2. For purposes of this section:

(1) 'Child' means any biological or adoptive child, or any child legitimated by legal process, or any child whose relationship to the defendant has been determined, by a court of law in a proceeding for dissolution or legal separation, to be that of child to parent;

...."

■ Relator emphasizes that the term "child," as defined in § 568.040.2(1), RSMo 1994, means, *inter alia,* any child "whose relationship to the defendant has been determined, by a court of law in a proceeding for dissolution ..., to be that of child to parent." Consequently, insists Relator, the State, in order to prevail in the underlying case, need not prove Christopher is Defendant's biological child; all the State must prove is that Defendant's paternity of Christopher was determined by a court of law in a dissolution proceeding.

Accordingly, Relator maintains that if the State establishes at trial that Defendant's paternity of Christopher was determined in the 1992 dissolution proceeding, proof that Defendant is not the biological father of Christopher would not exonerate Defendant from criminal liability for nonsupport under § 568.040, RSMo 1994, hence the results of a blood test—whatever they might be—would not affect the underlying case.

Respondent argues that Defendant's paternity of Christopher was not established in the 1992 dissolution proceeding, as the court in that case found only that Christopher was "born of this marriage." Respondent pro-

claims that Relator, to prevail in the underlying case, must show that Christopher is Defendant's child, not merely that Christopher was born to Rebecca during her marriage to Defendant. Accordingly, reasons Respondent, the results of a blood test could affect the outcome of the underlying case.

An argument identical to Respondent's was rejected in *State ex rel. State v. Campbell,* 936 S.W.2d 585 (Mo.App. E.D.1996). There, the accused was charged with nonsupport under § 568.040, RSMo 1994, the same statute under which Defendant is charged in the underlying case. *Id.* at 586. The accused in *Campbell* moved for a blood test to determine paternity of the children. *Id.* The trial court granted the motion. *Id.* The State thereupon brought a prohibition proceeding against the judge, seeking to bar him from enforcing the blood test order. *Id.* The Eastern District of this court granted that relief, explaining:

"Defendant does not dispute that the dissolution decree which ended his marriage to the children's mother found him to be the children's father and ordered him to pay child support. Therefore, for purposes of [§ 568.040.2(1)], each of the children named in the indictment is Defendant's 'child' regardless of whether or not he is the biological father. That being the case, the results of Defendant's proposed blood test are irrelevant to his guilt or innocence."

*Id.* at 587.

This court agrees with *Campbell.* The finding in the 1992 dissolution decree that Christopher was born of the marriage between Defendant and Rebecca is tantamount to a finding that Christopher is Defendant's child. Such a finding satisfies the definition of child in § 568.040.2(1), RSMo 1994, irrespective of whether Defendant is in fact Christopher's biological father. Accordingly, the results of a blood test would be immaterial in the underlying case.

■ Endeavoring to evade the holding in *Campbell,* Respondent asserts that if the underlying case goes to trial, MAI–CR 3d 332.08.2 (revised July 1, 1997) will require the jury to find (among other facts) that

Christopher is Defendant's child. As this court understands Respondent, he believes the term "child," as used in the instruction, means biological child, not child as defined in § 568.040.2(1), RSMo 1994.

Respondent cites no authority for that hypothesis and this court finds none. The instruction does not require the jury to find that the child whom the accused failed to support is the accused's biological child. This court therefore concludes that the word "child" in the instruction means a child as defined in § 568.040.2(1), RSMo 1994. As we have seen, that definition includes a child who has been determined to be the accused's child in a dissolution proceeding.

■ Respondent also asserts that using the definition of "child" in § 568.–040.2(1), RSMo 1994, to establish that Christopher is Defendant's child in the underlying case is unconstitutional in that it relieves the State of proving beyond a reasonable doubt that Christopher is Defendant's child. According to Respondent, a legislature cannot create a statute that lessens the burden of proof in a criminal prosecution.

■ Respondent misunderstands the nature of nonsupport as defined in § 568.040, RSMo 1994. The gravamen of the offense, insofar as pertinent here, is knowingly failing to provide, without good cause, adequate support for a child whom the accused is legally obligated to support. If a court with subject matter jurisdiction over a dissolution case and personal jurisdiction over a husband enters judgment ordering the husband to pay child support for a child of the marriage, the husband is legally obligated to do so, regardless of whether he is the child's biological father.

■ Said another way, once a court of law determines in a proceeding for dissolution of marriage that a husband is legally obligated to support a child of the marriage, the husband is susceptible to prosecution for non-

support if, without good cause, he knowingly fails to provide adequate support for such child. If the husband believes the dissolution court erred in determining he must support the child, the husband's remedy is to appeal, not wait until he is charged with nonsupport and then attempt to assert, as a defense, that he is not the child's biological father. Acceptance of Respondent's argument would mean that a man who contested paternity of a child in a dissolution proceeding and lost could contest paternity anew if prosecuted for failing to support such child. Such a rule would destroy the finality of child support adjudications in dissolution decrees.

The opinion in *Campbell* recognized that the General Assembly, in enacting § 568.040, RSMo 1994, intended to subject a party to criminal liability for nonsupport if such party, without good cause, knowingly fails to provide adequate support for a child whom such party has been found legally obligated to support in a dissolution action. 936 S.W.2d at 588. Nothing in *Campbell* indicates the General Assembly intended that § 568.040 apply only to individuals who fail to support their biological children.

This court therefore holds Defendant cannot escape criminal liability for nonsupport in the underlying case by proving he is not Christopher's biological father. Consequently, the blood test ordered by Respondent in the underlying case will produce no relevant evidence.[1]

Because of that, this court holds Respondent abused his discretion in ordering the test. When a trial court makes an order in discovery proceedings that is an abuse of discretion, prohibition is the proper remedy. *State ex rel. Plank v. Koehr*, 831 S.W.2d 926, 927–28 (Mo. banc 1992).

### Order

Pursuant to Rule 84.24(*l*), Missouri Rules of Civil Procedure (1999), this court orders

---

1. *State v. Hoy*, 742 S.W.2d 206 (Mo.App. W.D. 1987), cited by Respondent, held the accused in a nonsupport prosecution under § 568.040, RSMo 1986, was entitled to a blood test of himself, his two alleged children, and the children's mother. However, § 568.040 has been amended twice since *Hoy*. Because of the difference between the version in RSMo 1986 and the version in RSMo 1994—the latter version is the one under which the accused in *Campbell* was prosecuted—*Hoy* was no help to the accused in *Campbell* and is no help to Defendant here. The reason is set forth in *Campbell*, 936 S.W.2d at 587–88.

that a peremptory writ in prohibition be issued commanding Respondent to vacate his order granting Defendant's "Amended Motion for Blood Test" and barring Respondent from compelling anyone to submit to a blood test in the underlying case.

PREWITT, P.J., and PARRISH, J., concur.