STATE of Missouri, Appellant,

v.

Melvin Ray DAVIS, Respondent.

No. SC 91368.

Supreme Court of Missouri,
En Banc.

Aug. 30, 2011.

Rehearing Denied Oct. 25, 2011.

Daniel N. McPherson, Attorney General's Office, Jefferson City, MO, for Appellant.

Ruth K. Russell, Public Defender's Office, Springfield, MO, for Respondent.

PATRICIA BRECKENRIDGE, Judge.

The state filed a felony complaint charging Melvin Ray Davis, a registered sex offender, with one count of violating section 566.150,[1] for knowingly being present within 500 feet of a public park that contains playground equipment or a public swimming pool. He moved to dismiss the complaint on the ground that section 566.150 was unconstitutional as applied to him because it violated the prohibition against retrospective laws in article I, section 15 of the Missouri Constitution. The trial court dismissed the complaint against Mr. Davis.

The state appeals. The state claims that the trial court erred in dismissing the

1. All statutory citations are to RSMo Supp. 2010 unless otherwise indicated.

complaint because the prohibition against retrospective laws applies only to civil statutes and not to criminal statutes. It further asserts that because section 566.150 is criminal in nature, this section cannot be retrospective in operation. Because this issue is raised for the first time on appeal, it is not preserved for appellate review. The trial court's judgment is affirmed.

### Factual and Procedural Background

On May 17, 1983, Mr. Davis pleaded guilty to one count of sexual abuse, pursuant to section 566.100, RSMo 1978. Due to this conviction, the Sexual Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16913 (2006), required Mr. Davis to register as a sex offender.[2] In 2009, Missouri's legislature enacted section 566.150, which makes it a crime for a registered sex offender to "knowingly be present in or loiter within five hundred feet of any real property comprising any public park with playground equipment or a public swimming pool." On June 17, 2010, a park ranger apprehended Mr. Davis and another man for drinking alcohol in a city park in violation of a Springfield municipal ordinance. After the park ranger ran the men's names through local law enforcement communication systems, he arrested Mr. Davis, a registered sex offender, for knowingly being present within 500 feet of Grant Beach Park, a public park that contains playground equipment and a public swimming pool.

In August 2010, the state filed a felony complaint against Mr. Davis charging him with violating section 566.150, which is a class D felony. Mr. Davis moved to dismiss the complaint against him. The motion to dismiss alleged that section 566.150 was unconstitutional as applied to him because it violates Missouri's ban on retrospective laws found in article I, section 13 of the Missouri Constitution. He asserted that because he was convicted of sexual abuse in 1983 and section 566.150 was not enacted until August 2009, 26 years after Mr. Davis's original guilty plea, section 566.150 is retrospective as applied to him. Mr. Davis argued that, under the holding of *F.R. v. St. Charles County Sheriff's Dept.*, 301 S.W.3d 56 (Mo. banc 2010), section 566.150 was unconstitutional because it imposed a new obligation, duty, or disability on him solely based on his earlier sexual abuse conviction.

The state argued that section 566.150 was not retrospective and attempted to distinguish Mr. Davis' case from *F.R.* by saying section 566.150 did not require Mr. Davis to carry out any affirmative act as was the case in *F.R.* The circuit court dismissed the complaint against Mr. Davis without prejudice, holding that section 566.150 was unconstitutional as applied to Mr. Davis. The circuit court found that section 566.150 placed a new disability on Mr. Davis based on a prior conviction and, therefore, that statute was unconstitutionally retrospective in operation.

2. Section 589.400 of Missouri's Sex Offender Registration Act requires "[a]ny person who, since July 1, 1979, has been or is hereafter convicted of ... a felony offense of chapter 566" to register with the chief law enforcement officer of the county of the offender's residence. In *Doe v. Keathley*, 290 S.W.3d 719, 720 (Mo. banc 2009), this Court held that while article I, section 13 of the Missouri Constitution bars Missouri from enacting laws retroactive in their operation, it does not bar compliance with federal laws such as SORNA and SORNA's requirement that " '[a] sex offender shall register ... in each jurisdiction where the offender resides.' 42 U.S.C. section 16913.... SORNA imposes an independent obligation requiring respondents to register as sex offenders in Missouri. The independent registration requirement under SORNA operates irrespective of any allegedly retrospective state law that has been enacted and may be subject to the article I, section 13 ban on the enactment of retrospective state laws." *Id.*

The state appeals. Because the appeal involves the constitutional validity of section 566.150, this Court has exclusive appellate jurisdiction.[3] Mo. Const. art. V, sec. 3.

## Discussion

■■■ In its sole claim of error, the state asserts that the trial court erred in finding that section 566.150 was unconstitutional as applied to Mr. Davis because the Missouri constitutional prohibition against retrospective laws in art. I, sec. 13 applies only to civil statutes and section 566.150 is criminal in nature. The state concedes that it did not raise this issue at trial. "An issue that was never presented to or decided by the trial court is not preserved for appellate review." *Smith v. Shaw,* 159 S.W.3d 830, 835 (Mo. banc 2005) (quoting *State ex rel. Nixon v. American Tobacco Co.,* 34 S.W.3d 122, 129 (Mo. banc 2000)).

> Because an appellate court is not a forum in which new points will be considered, but is merely a court of review to determine whether the rulings of the trial court, as there presented, were correct, a party seeking the correction of error must stand or fall on the record made in the trial court, thus it follows that only those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal.

*State v. Thomas,* 969 S.W.2d 354, 355 (Mo. App.1998) (quoting *State ex rel. Selby v. Day,* 929 S.W.2d 286, 288 (Mo.App.1996)). Accordingly, an appellate court generally will not find, absent plain error, that a lower court erred on an issue that was not put before it to decide.[4] *See American*

*Tobacco Co.,* 34 S.W.3d at 129; *Zundel v. Bommarito,* 778 S.W.2d 954, 957 (Mo.App. 1989).

The trial court's judgment is affirmed.

TEITELMAN, C.J., RUSSELL, FISCHER, STITH and PRICE, JJ., and WOLFF, Sr.J., concur.

---

**3.** Due to the trial court's reasoning that the statute was unconstitutional as applied to Mr. Davis, the dismissal without prejudice had the practical effect of terminating the litigation and constituted a final and appealable judgment. *State v. Brown,* 140 S.W.3d 51, 53 (Mo. banc 2004); *State v. Smothers,* 297 S.W.3d 626, 630–31 (Mo.App.2009).

**4.** The state does not claim plain error in this case.