

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD84639 |
| | ) | |
| MURIEL JACKSON-KUOFIE, | ) | Opinion filed:  June 7, 2022 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI
THE HONORABLE DENNIS C. ECKOLD, JUDGE**

Division Three:  Gary D. Witt, Presiding Judge,
Anthony Rex Gabbert, Judge and W. Douglas Thomson, Judge

The State appeals the trial court's order dismissing the criminal complaint against Muriel Jackson-Kuofie ("Jackson-Kuofie") with prejudice due to the State's violation of Rule 25.03(b)(2),[1] in failing to disclose a witness list to defense counsel prior to the preliminary hearing.[2] On appeal, the State claims the trial court plainly erred in entering its order of dismissal because the trial court erroneously relied on Rule 25.03(b)(2), which applies only to disclosures after indictment or the filing of an

---

[1]All rule references to the Missouri Rules of Civil Procedure (2020), unless otherwise indicated.

[2]Dismissal of a criminal complaint with or without prejudice is a final, appealable judgment where it disposes of the state's prosecution in its entirety and renders the refiling of the action futile. *See State v. R.J.G.*, 632 S.W.3d 359, 364 (Mo. banc 2021).

information.  The State claims Rule 25.03(a) applies to disclosures upon the filing of a felony complaint, which does not require the State disclose a witness list.  The State claims the trial court's error resulted in prejudice and manifest injustice in precluding the State from prosecuting Jackson-Kuofie for the crime alleged in the complaint.  We reverse and remand for further proceedings consistent with this opinion.

## Factual and Procedural History

On July 6, 2020, Jackson-Kuofie was charged by complaint with the class D felony of abuse of a person receiving health care in the Platte County Circuit Court.[3] A preliminary hearing was held on June 25, 2021.  When the State called its first witness, defense counsel objected arguing the State failed to disclose a witness list for the preliminary hearing in violation of Rule 25.03.[4]  The State responded that they disclosed approximately 1,400 pages of discovery which contained the names of witnesses but conceded a witness list was not provided.  The trial court sustained defense counsel's objection for the first witness and every witness thereafter on the same grounds.  The trial court stated, "[T]he Court finds that the State has failed to comply with 25.03[(b)](2), and that's my ruling."  The State requested a continuance so that they could provide a witness list to which defense counsel objected.  The trial court concluded, "So having found that the State failed to comply with Rule 25.03 of

---

[3]A.S. was similarly charged by complaint with the class D felony of abuse of a person receiving health care arising out of her alleged actions involving the treatment of the same victim on the same date as Jackson-Kuofie.  A.S. appeared at the same preliminary hearing as Jackson-Kuofie.  The complaint against A.S. was similarly dismissed at the preliminary hearing on the same grounds.  The State appeals both cases.  While the cases involve two individual defendants, they are procedurally the same.  Accordingly, our opinion entered in this case will mirror the opinion in A.S.'s appeal, WD84641, as the issues raised are the same.

[4]A.S.'s counsel asserted the objection and counsel for Jackson-Kuofie joined in the objection.

2

the Supreme Court, specifically 25.03 subparagraph B, subparagraph 2, this matter is dismissed." The trial court ordered the dismissal with prejudice at defense counsel's request.

The State appeals.

## Standard of Review

The State concedes that it did not present its appellate claim to the trial court. "'An issue that was never presented to or decided by the trial court is not preserved for appellate review.'" *State v. Davis*, 348 S.W.3d 768, 770 (Mo. banc 2011) (citation omitted). Accordingly, we review for plain error. *Id.*

> Rule 30.20 authorizes this Court to review, in its discretion, "plain errors affecting substantial rights . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Our Supreme Court has established a threshold review to determine if a court should exercise its discretion to entertain a Rule 30.20 review of a claimed plain error. First, we determine whether or not the claimed error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[.]'" *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995) (quoting Rule 30.20). If not, we should not exercise our discretion to conduct a Rule 30.20 plain error review. If, however, we conclude that we have passed this threshold, we may proceed to review the claim under a two-step process pursuant to Rule 30.20. In the first step, we decide whether plain error has, in fact, occurred. [*State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009)]. "All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious and clear." *Id.* (citations and internal quotation marks omitted). In the absence of evident, obvious, and clear error, we should not proceed further with our plain error review. If, however, we find plain error, we must continue to the second step to consider whether or not a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *Id.* at 607–08.

*State v. Elliott*, 502 S.W.3d 59, 63 (Mo. App. W.D. 2016) (citation and quotation marks omitted).

## Analysis

"No general right of discovery exists for criminal cases in Missouri. Absent some express statutory provision or rule of court, discovery is not permitted."[5] *State v. Clark*, 711 S.W.2d 885, 888 (Mo. App. E.D. 1986); *State ex rel. George v. Jones*, 929 S.W.2d 256, 257 (Mo. App. S.D. 1996). Rule 25.03 provides, in pertinent part:

> (a) Disclosure upon filing of felony ***complaint***. Except as otherwise provided in these Rules, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel the following material and information in the possession of the prosecutor: any arrest reports, incident reports, investigative reports, written or recorded statements, documents, photographs, video, electronic communications and electronic data that relate to the offense for which defendant is charged.
>
> (b) Disclosure after ***indictment or filing of information***. Except as otherwise provided in these Rules, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel the following material and information within its possession or control designated in the request:
> . . . .
> (2) The names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda, reporting or summarizing part or all of their oral statements[.][6]

(Emphasis added). Pursuant to the express language of Rule 25.03, subsection (a) applies to disclosures upon the filing of a complaint, and subsection (b) applies to disclosure after the filing of an indictment or information. Rule 25.03(a) does not require the disclosure of witnesses' names and addresses. The State failed to direct

---

[5]Notably, *Brady v. Maryland*, 373 U.S. 83, 86-88 (1963) provides constitutional protections against the failure of the state to disclose exculpatory evidence.

[6]We note that Rule 25.03 has been amended, effective July 1, 2022. Those amendments, however, do not affect the passages contained herein.

4

the trial court to the distinction between the obligations of the State pursuant to subsection (a) and subsection (b) and failed to argue to the trial court that they did not have an obligation to provide a list of witnesses' names and addresses at the preliminary hearing stage of the proceedings.

Thus, other than the material expressly provided in Rule 25.03(a), "[d]iscovery in criminal cases may be undertaken only after indictment or the filing of an information." *George*, 929 S.W.2d at 257.

Here, the criminal matter which gave rise to this proceeding was not commenced by indictment. It was before the court for preliminary hearing by the filing of a felony complaint. The parties appeared for a preliminary hearing and, as such, an information had not yet been filed. Accordingly, disclosure of the State's witness list was not yet required under Rule 25.03. The trial court erroneously found the State in violation of Rule 25.03(b)(2), which applies only to disclosures after indictment or information. The State could not have violated a discovery rule with which it was not yet required to comply. Thus, in dismissing the complaint on this basis, the trial court erred.

Having found the trial court's dismissal of the complaint erroneous, we now consider whether the trial court's action rose to the level of reversible plain error. Initially, we find the claimed error facially establishes grounds for believing manifest injustice or a miscarriage of justice occurred such as to meet the threshold to review the claim for plain error. *Elliot*, 502 S.W.3d at 63. As to the two-step plain error process, first, we find plain error has occurred in that the trial court's erroneous

reliance on Rule 25.03(b)(2) for its dismissal of the complaint is evident, obvious, and clear error. *Id.; see also Wilson ex rel. Wilson v. Simmons,* 103 S.W.3d 211, 220 (Mo. App. W.D. 2003) (misapplication of the law is obvious, evident, and clear error). At this point, prior to the filing of an indictment or information, the only disclosure required was pursuant to Rule 25.03(a). Second, we find that manifest injustice or a miscarriage of justice will occur if the error is left uncorrected. As agreed by the parties, "manifest injustice" or "miscarriage of justice" means the error was outcome determinative and undermines faith in the criminal justice system. The dismissal of a complaint with prejudice in reliance on an inapplicable rule would suffer both of these error-driven perils.[7] For the reasons stated, we find the trial court plainly erred in dismissing with prejudice the complaint against Jackson-Kuofie. Point is granted.

---

[7]Jackson-Kuofie argues that the State fails to provide support for the availability of plain error review under these circumstances or support that manifest injustice occurred under these facts. Notably, Jackson-Kuofie fails to cite any authority that plain error review is not available to the State in a criminal case, and we find none. First, there is nothing in Rule 30.20 that precludes plain error review under the facts of this case. It provides, "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Several cases expressly recognize the availability of plain error review to the State in criminal cases. *See State v. Stone*, 430 S.W.3d 288, 290 n.4 (Mo. App. S.D. 2014) ("Generally, an argument raised for the first time on appeal is reviewed, if at all, only for plain error. . . . The State does not request plain error review and, in the absence of such a request, we decline to exercise our discretion to review for plain error."), *State v. McLain*, 980 S.W.2d 160 (Mo. App. E.D. 1998) (Mem) (State requests plain error review and court finds no plain error), and *State v. Davis*, 348 S.W.3d 768, 770 n.4 (Mo. banc 2011) (noting State did not request plain error review). Moreover, we note that it is a "fundamental tenet" that, like the defendant, the State has a right to a fair trial. *State v. Isa*, 850 S.W.2d 876, 888 (Mo. banc 1993). Finally, under these facts, Jackson-Kuofie is not entitled to the windfall which would result from the application of an incorrect rule such that the State is not provided the opportunity to present its case. *See generally Smith v. State*, 443 S.W.3d 730, 734 (Mo. App. S.D. 2014) (application of an incorrect legal principle).

6

**Conclusion**

We reverse and remand for further proceedings consistent with this opinion.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.