

# SUPREME COURT OF MISSOURI
## en banc

KYLE G. PETERSEN,            )     *Opinion issued November 22, 2022*
                             )
                  Appellant, )
                             )
v.                           )     No. SC99522
                             )
STATE OF MISSOURI,           )
                             )
                  Respondent. )

**APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY**
The Honorable Jason R. Brown, Judge

Following a bench trial, Kyle G. Petersen (hereinafter, "Defendant") was found guilty of driving while intoxicated as a persistent offender. Section 577.010, RSMo Supp. 2017. The circuit court sentenced Defendant to four years' imprisonment, suspended the execution of the sentence, and placed him on five years' supervised probation.

Defendant claims the circuit court erred in overruling his pretrial motion to suppress and his pretrial motion in limine and allowing testimony of his breath test results. This Court finds no error. The circuit court's judgment is affirmed.[1]

---

[1] This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

## Factual and Procedural Background

On September 9, 2018, Missouri Highway Patrol Trooper David Henley (hereinafter, "Trooper Henley") was dispatched to assist Missouri Highway Patrol Trooper Thomas Meyer (hereinafter, "Trooper Meyer") with a motor vehicle crash. When Trooper Henley arrived on the scene, he observed a vehicle upside down in a field. Trooper Henley concluded, based upon the markings where the vehicle departed the roadway, the vehicle did not leave the roadway as a result of a collision with another vehicle.

Trooper Meyer directed Trooper Henley to Defendant, who was handcuffed. Trooper Meyer indicated Defendant "appeared to be impaired." When Trooper Henley approached Defendant, he noticed the strong odor of alcohol on his breath. Trooper Henley observed Defendant's eyes were watery and bloodshot, and Defendant had a distant stare. Trooper Henley also stated Defendant's speech was slurred and he spoke very quietly. Trooper Henley then requested Defendant sit in his police vehicle and perform the Horizontal Gaze Nystagmus (hereinafter, "HGN") test, which Defendant failed.

Based on his training and experience, Trooper Henley concluded Defendant was intoxicated and placed him under arrest. Trooper Henley sought and received Defendant's consent to provide a breath sample for chemical analysis. That sample revealed Defendant's blood alcohol content was above the legal limit of "eight-hundredths of one percent." Section 577.012.1(1), RSMo 2016.

2

Prior to trial, Defendant filed a motion to suppress evidence. Defendant requested suppression of the results of his breath test, testimony regarding any observations made about his impairment while in custody, and the HGN test results. Following an evidentiary hearing, the circuit court sustained Defendant's motion regarding statements he made without the benefit of *Miranda*[2] warnings but overruled the motion regarding all other evidence of intoxication.

On the morning of trial, Defendant filed a motion in limine, seeking to exclude evidence of intoxication because he had been seized illegally and the breath test was administered improperly. The circuit court overruled his motion.

The case then proceeded to a bench trial. Following the introduction of all the evidence, the circuit court found Defendant guilty of driving while intoxicated as a persistent offender. Defendant appeals.

**Analysis**

Defendant asserts the circuit court erred in overruling his pretrial motion to suppress and his pretrial motion in limine.[3] Defendant claims the circuit court erred in overruling his motion to suppress because he was physically restrained prior to field and

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966).

[3] Defendant raised a point on appeal identifying a possible error made by the Southern District. That point fails to comply with Rule 84.04(d)(1)(A) because it does not identify a challenged ruling or action made by the *circuit* court. "By focusing solely on what he argues the court of appeals did correctly, he fails to identify--let alone challenge--any error by the [circuit] court." *Williams v. Hubbard*, 455 S.W.3d 426, 432 (Mo. banc 2015). However, this Court decides cases on their merits when possible. *Cox v. Kan. City Chiefs Football Club, Inc.*, 473 S.W.3d 107, 114 n.4 (Mo. banc 2015). Hence, this Court will analyze whether Defendant preserved his pretrial motions.

chemical testing as well as before the arresting officer made observations of impairment. Defendant argues this violated his Fourth Amendment rights. Further, Defendant requests this Court to revisit the long-standing rules delineating preservation of trial error for appellate review.

Objecting to the admission of evidence in a pretrial motion "is not sufficient to preserve for appeal any error in failing to exclude it." *State v. Hughes*, 563 S.W.3d 119, 124 (Mo. banc 2018). As this Court recently held:

> To preserve a pretrial objection, a party must renew the objection in court and make a record that identifies not only the action to which the party is objecting but also the legal basis for the objection. Only an objection made timely *at trial* will preserve an issue for appeal.

*State v. Minor*, 648 S.W.3d 721, 729 (Mo. banc 2022) (internal citations and quotations omitted). "The objection at trial must be specific, and on appeal, the same grounds must be relied upon." *State v. Tisius*, 362 S.W.3d 398, 405 (Mo. banc 2012). Further, a "claim of constitutional error must be raised at the first opportunity and with citation to specific constitutional objections." *Minor*, 648 S.W.3d at 729. "The objection at trial must be specific and made contemporaneously with the purported error." *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015).[4]

---

[4] This is in contrast to the federal rules of evidence, which do not require a party to renew a pretrial objection at trial when there is a definitive ruling made on the record. Federal Rule 103(b) states, "Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal." However, when practicing in the federal courts, a practitioner should recognize the Eighth Circuit "has never defined precisely the bounds of a 'definitive' ruling." *United States v. Young*, 753 F.3d 757, 775 (8th Cir. 2014).

A party is required to object *at trial* to allow the circuit court the opportunity to reconsider its "prior ruling against the backdrop of the evidence actually adduced at trial." *Hughes*, 563 S.W.3d at 124. This allows a party to control whether to maintain the objection because the party may determine the objection is meritless based upon the evidence actually adduced or the party strategically may decide not to object. *State v. Yowell*, 513 S.W.2d 397, 403 (Mo. banc 1974), *superseded on other grounds by* section 542.296, RSMo 1986.

An appellate court is a court of review, determining whether the circuit court's rulings were correct. *State v. Davis*, 348 S.W.3d 768, 770 (Mo. banc 2011). Accordingly, "a party seeking the correction of error must stand or fall on the record made in the [circuit] court." *Id*. (quoting *State v. Thomas*, 969 S.W.2d 354, 355 (Mo. App. W.D. 1998)). An objection presented to the circuit court may not be broadened on appeal. *Driskill*, 459 S.W.3d at 426.

At trial, Defendant never raised a Fourth Amendment challenge to the admission of his breath test results. Defendant's objection to the admission of the breath test was that he objected "to it based on previous arguments on lack of foundation and improper procedure." When Trooper Henley testified about his observations while administering the HGN test, defense counsel stated, "Judge, if you could just show my objection during this testimony." Upon review, it is unknown what foundational element, procedural requirement, or other objection was challenged.

"A 'general objection of lack of foundation does not call to the court's attention the aspect of the foundation which is considered lacking. As such it is inadequate to

5

preserve the matter for review.'" *State v. McFadden*, 369 S.W.3d 727, 753 (Mo. banc 2012) (quoting *Stewart v. Dir. of Revenue*, 702 S.W.2d 472, 476 (Mo. banc 1986)). Merely objecting with an unspecified objection or "lack of foundation and improper procedure" does not advise the circuit court sufficiently as to the nature of Defendant's objection and the basis for his argument on appeal. The lack of a specific objection does not allow the circuit court to correct any potential error at the earliest opportunity, nor does it adequately inform the appellate court as to the precise challenge to the evidence being presented. *State v. Loper*, 609 S.W.3d 725, 733 (Mo. banc 2020).

"Generally, this Court does not review unpreserved claims of error." *State v. Brandolese*, 601 S.W.3d 519, 525 (Mo. banc 2020). "Plain error review is discretionary." *Id*. at 526. "[U]nless a claim of plain error facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' this Court will decline to exercise its discretion to review for plain error under Rule 30.20." *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995). A defendant "bears the burden of demonstrating a manifest injustice occurred." *Loper*, 609 S.W.3d at 733. Because Defendant does not request plain error review or present an argument supporting the claim of error, he is unable to meet his burden of demonstrating a manifest injustice occurred. This Court's review of the facts and circumstances in this case fails to reveal any circuit court error that was evident, obvious, or clear.

**Conclusion**

The circuit court's judgment is affirmed.

_____
GEORGE W. DRAPER III, Judge

All concur.