In the Interest of L_____ A_____ P_____ and K_____ M_____ P_____, Minors.

No. 12499.

Missouri Court of Appeals, Southern District, Division One.

Sept. 27, 1982.

Samuel J. Short, Jr., Stockton, Guardian Ad Litem for said minors.

Joseph B. Phillips, Phillips & Phillips, Stockton, for Cedar County Juvenile Officer.

Kerry D. Douglas, Douglas, Douglas & Lynch, Bolivar, for appellant.

PREWITT, Judge.

On October 31, 1978, pursuant to a petition filed that day by the juvenile officer, the Juvenile Division of the Circuit Court of Cedar County temporarily placed the custody of two minor females with the Division of Family Services. After a hearing on November 3, 1978, the court ordered the juveniles to be "placed in the custody of Division of Family Services". On December 19, 1980 their mother filed a motion asking that the children be returned to her. On June 1, 1981 Judge Henry L. Lisle was assigned to hear the motion. Following a hearing on August 21, 1981 the trial court found that the welfare of the minors required that the custody of the children continue with the Division of Family Services. The mother appeals.

■ We review this matter as provided in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). See *In the Interest of C.L.M.*, 625 S.W.2d 613, 614 (Mo. banc 1981). The primary concern of the courts when dealing with child custody is the welfare of the child and when in conflict, the rule favoring parental custody is superceded by the concern for the child's welfare. *In Interest of C.L.M.*, supra, 625 S.W.2d at 617. Reunification of the family is desired; however, the best interest of the children is controlling. *In the Interest of J___ Y___*, 637 S.W.2d 670 (Mo. banc 1982).

■ The mother's first point contends that the trial court erred in not determining that the proceedings of November 3, 1978 were defective because she was not afforded the right of counsel as required by Rule 116.01 and the court failed to "make a finding of fact upon which it exercises its jurisdiction" over the juveniles as provided in Rule 119.02a(7)(B) *. The mother was present but did not have an attorney at that hearing. The record does not reflect any reference to the appointment of counsel for her prior to or at the hearing. She was given an opportunity to cross-examine and otherwise participate in the hearing. We find no requirement in Rule 116.01 or other part of the juvenile proceedings either by rule or chapter 211 which would require the court to appoint counsel for the mother on this record. There is nothing to indicate that she was indigent. At the hearing on August 21, 1981 she had counsel and was

* See also §§ 211.181, RSMo 1978 and 211.181, RSMo Supp.1981.

given an opportunity to relitigate the issues covered on November 3, 1978. Appellant has not established that she would have been entitled to appointment of counsel or that she was prejudiced by the failure to have counsel appointed.

■ No attack is made on the order of October 31, 1978, by which the children were originally put in the custody of the Division of Family Services. The children were in Cedar County with a man who frequently was allowed by the mother to take the children from her home and one of the minors had been having intercourse with the man. The order of October 31, 1978 stated the basis by which the court found jurisdiction. The court's order of November 3, 1978 merely continued the custody, and from the docket entry and the comments of the court announcing its results, the basis of the finding by which the court found jurisdiction was obvious. Point one is denied.

Appellant's remaining point contends that the trial court's order continuing custody with the Division of Family Services was erroneous because there was no substantial evidence to support a finding that appellant would continue to allow the children to associate with the man who had intercourse with one of the girls. While he disputed that this had occurred, he had pled guilty to contributing to the delinquency of that minor following a hung jury on a charge that he had molested that girl. Both he and the mother testified that they had terminated their relationship but we believe there was sufficient evidence that the trial court could have found otherwise. After the two children involved in this proceeding were taken from the mother she continued to allow the man to take with him her remaining minor daughter. The time when the mother and the man terminated their relationship was in conflict and there were inconsistencies in their testimony. He is financing appellant's expenses in this matter and continued to associate with appellant and her other daughter until just prior to the filing of appellant's motion to modify the court's order.

Consideration of the mother's assertions that she would no longer associate with the man and would keep him from the children were matters within the province of the trial court on the issue of credibility and weight and those determinations are not to be disturbed absent a showing that the trial court was clearly wrong. See *In re B.G.S.*, 636 S.W.2d 146, 149 (Mo.App.1982). On the evidence here we cannot say that the trial court was clearly wrong. Point two is denied.

The judgment is affirmed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.

