340 S.W.3d 296 (2011)
In the Interest of: C.F. & A.K.
No. ED 95633.
Missouri Court of Appeals, Eastern District, Division Five.
April 12, 2011.
Motion for Rehearing and/or Transfer to Supreme Court Denied May 24, 2011.
Application for Transfer Denied June 28, 2011.
*297 Brice R. Sechrest, Park Hills, MO, for appellant.
Christopher G. Hartmann, Farmington, MO, for Guardian Ad Litem.
Theodora L. Strassburg, St. Louis, MO, for respondent.
PATRICIA L. COHEN, Judge.

Introduction
Appellant D.K. ("Father") appeals from the judgment of the Circuit Court of Madison County terminating his parental rights to his two children, A.K. and C.F., on the grounds that: (1) under Section 211.211, he was entitled to but did not receive court-appointed counsel at case review, permanency, and post-permanency hearings; and (2) the trial court lacked the clear, cogent, and convincing evidence required to terminate his parental rights pursuant to Sections 211.447.5(3) and 211.447.5(6).[1] We reverse and remand.

Factual and Procedural Background
Father and D.F. ("Mother") have two daughters, one-year-old A.K. and eight-year-old C.F. Mother and Father were both on probation following convictions for manufacturing methamphetamines. On October 6, 2008, Mother met with her probation officer, who suspected Mother was under the influence of drugs and called the Farmington Police Department. Mother informed her probation officer that Father was operating a methamphetamine lab in the family's house, and gave police consent to search the residence. In addition to an active methamphetamine lab, police found marijuana, drug paraphernalia, roaches, and piles of trash, clothing, and dirty dishes. Police arrested Father on a probation warrant. Mother and Father both tested positive for methamphetamine and marijuana and were subsequently incarcerated. The Farmington Police Department took A.K. and C.F. into protective custody, and the Children's Division placed them in a foster home.
Two days later, the trial court granted the Madison County Juvenile Officer's petition for continuing protective custody. *298 Father was not present for the protective custody hearing or the adjudication and disposition hearing held on November 17, 2008 because he absconded after release from the St. Francois County Jail.
Father was again incarcerated, and he appeared pro se for the first time at a case review hearing on January 8, 2009. Sometime after this hearing, Father directed his first request for counsel to the Children's Division, which documented Father's request for counsel in a report dated February 19, 2009. On May 19, 2009, Father wrote a letter to the Juvenile Officer in which he renewed his request for counsel. The Children's Division caseworker later informed Father that his request was denied.
Between January 8, 2009 and March 4, 2010, Father appeared pro se at approximately six case review, permanency, and post-permanency hearings. During this time, Father was incarcerated and "writted in" to the proceedings. Although the trial court allowed Father the opportunity to testify, present evidence, and question witnesses, Father did not actively participate in the hearings, testifying only at the March 5, 2009 review hearing.
On March 8, 2010, the Juvenile Officer filed a petition to terminate the parental rights of Father ("TPR petition"). In a letter to the trial court dated March 19, 2010, Father again requested counsel. The trial court granted his request on April 21, 2010, and the trial court held a hearing on the TPR petition on May 6 and May 13, 2010. At the start of the hearing, Father moved to dismiss the TPR petition based on the trial court's denial of his request for counsel at prior hearings. The trial court denied Father's motion to dismiss the TPR petition, reasoning:
I don't believe that he is prejudiced by not having an attorney at the case review hearings. He was not here when adjudication was taken, when protective custody was taken. That was due to his own choice because he absconded. And during the case review hearings when he finally was incarcerated he was brought in, he was allowed to participate, he was allowed to ask questions, and now, today, is the actual first day for a hearing on the termination of parental rights petition and he does have counsel to represent him.
The trial court terminated Father's parental rights on June 4, 2010.
Father moved for rehearing, asserting that he was entitled to but denied appointment of counsel for proceedings prior to the hearing on the termination of his parental rights. The trial court denied the motion. This appeal follows.

Standard of Review
A parent's right to raise his or her children is a fundamental liberty interest protected by the constitutional guarantees of due process. In re W.C., 288 S.W.3d 787, 795-96 (Mo.App. E.D.2009). The constitutional implications of a termination of parental rights also inform the standard of appellate review. Id. at 795. Termination of parental rights is an exercise of "awesome power," and therefore we review such cases closely. In re S.M.H., 160 S.W.3d 355, 362 (Mo. banc 2005). "Statutes that provide for the termination of parental rights are strictly construed in favor of the parent and preservation of the natural parent-child relationship." In re K.A.W., 133 S.W.3d 1, 12 (Mo. banc 2004).
We will affirm a trial court's judgment terminating a parent's parental rights unless no substantial evidence supports it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. In re P.L.O., 131 S.W.3d 782, 789 (Mo. banc 2004). We defer to the *299 factual findings of the court and consider all evidence and reasonable inferences in the light most favorable to the judgment. Id.; In re N.J.S., 276 S.W.3d 397, 400 (Mo.App. E.D.2009).

Discussion
In his first point on appeal, Father argues that the trial court erred in denying his motion to dismiss the petition to terminate his parental rights because the trial court failed to appoint counsel for Father in violation of Section 211.211. He asserts that he was entitled to court-appointed counsel at case review, permanency, and post-permanency hearings because he satisfied the statutory criteria set forth in Section 211.211.4 in that he was the children's custodian, he was indigent, he desired appointed counsel, and a full and fair hearing required the court to appoint him counsel. Mo.Rev.Stat. § 211.211.4. The State counters that "Father was not entitled to appointed counsel because he made the request after the dispositional hearing and the time for appointed counsel to serve had expired."[2] The State further argues that Father was not entitled to appointed counsel under Section 211.211.4 because he was not A.K. and C.F.'s "custodian" and that the trial court properly appointed counsel for Father before the hearing on the TPR petition.
Section 211.211, which governs a party's right to counsel in juvenile proceedings, provides: "A party is entitled to be represented by counsel in all proceedings." Mo.Rev.Stat. § 211.211.1 (emphasis added). Regarding court-appointed counsel, the statute further provides:
When a petition has been filed and the child's custodian appears before the court without counsel, the court shall appoint counsel for the custodian if it finds:
(1) That the custodian is indigent; and
(2) That the custodian desires the appointment of counsel; and
(3) That a full and fair hearing requires appointment of counsel for the custodian.
Mo.Rev.Stat. § 211.211.4; see also Mo. Sup. Court Rule 116.01.[3] "It is fundamental that restrictions upon parental rights must be in accordance with due process of law." In re N.H., 41 S.W.3d 607, 612 (Mo.App. W.D.2001). "Because of the importance of the right to counsel to the fairness of the proceedings, there must be strict and literal compliance with the statutes affecting this right, and failure to strictly comply results in reversible error." In re D.J.M., 259 S.W.3d 533, 535 (Mo. banc 2008); see also In re M.M., 320 S.W.3d 191, 196-97 (Mo.App. E.D.2010).[4]
*300 We first address the Juvenile Division's argument that Father's request for counsel was untimely. The Juvenile Division argues that the trial court lacked authority to appoint counsel because Father did not request appointed counsel until more than thirty days after the November 17, 2008 adjudication and disposition hearing.[5] The Juvenile Division cites no cases in support of its position, but appears to rely on Section 211.211.6, which provides: "Counsel shall serve for all stages of the proceedings, including appeal, unless relieved by the court for good cause shown. If no appeal is taken, services of counsel are terminated following the entry of an order of disposition." Mo.Rev.Stat. § 211.211.6. According to the Juvenile Division, the trial court "had no authority to appoint counsel because the dispositional hearing had concluded."
We conclude that Section 211.211.6 applies when the trial court appoints counsel prior to the dispositional hearing and has no relevance here. Mo.Rev.Stat. § 211.211.6. Furthermore, this court has found that an indigent custodian who requests appointed counsel is entitled to appointed counsel even when the request is made more than thirty days after an order of disposition. In re N.S., 77 S.W.3d 655, 658 (Mo.App. E.D.2002). In In re N.S., the father filed his first request for appointed counsel more than two months after the dispositional review hearing but before two review hearings and the filing of the TPR petition. Id. at 656. On appeal, we held the trial court erred in denying the father's first request for appointed counsel because the father satisfied the criteria of Section 211.211.4. Id. at 658. We therefore reversed and remanded the judgment terminating the father's parental rights.[6]Id.
The Juvenile Division further argues that Father was not entitled to court-appointed counsel because he was not a "custodian" for purposes of Section 211.211.4 and Rule 116.01. Specifically, the Juvenile Division contends Father was not C.F. and A.K.'s custodian because "he would sometimes go a week without seeing his children" and he moved out of the family home about one month before his arrest. Father asserts that he is a "custodian" because, at the time the Children's Division assumed custody of C.F. and A.K., Mother and Father were living together with the children and there was no custody order in place at the time.
We agree that Father is a "custodian" for purposes of the right to appointed counsel under Section 211.211.4 and Rule 116.01. Rule 110.05(a)(5) provides that, as used in the rules governing juvenile proceedings, the term "`custodian' includes parent, guardian of the person, and any person having legal or actual custody of a juvenile." Mo. Sup. Court Rule 110.05(a)(5) (2008).[7] Furthermore, courts *301 have held that the "custodian" of a juvenile includes a parent. See In re L.E.C., 182 S.W.3d 680, 685" n. 5 (Mo.App. W.D.2006); In re J.L.C., III, 844 S.W.2d 123, 128 n. 2 (Mo.App. S.D.1992). There is no dispute that Father is the natural parent of C.F. and A.K. We therefore find that Father is a "custodian" under Section 211.211 and Rule 116.01.[8]
Finally, the Juvenile Division argues that the trial court was correct in not appointing counsel for Father until the hearing on the TPR petition. Similarly, at the TPR hearing, the trial court refused to dismiss the TPR petition because, in the earlier proceedings, Father was "allowed to participate" and "allowed to ask questions." However, a trial court commits reversible error when it fails to comply with the requirements of Section 211.211.4, even where a parent "was given an opportunity to cross-examine and otherwise participate in the hearing[s]...." In re M.A.J., 998 S.W.2d 177, 182 (Mo.App. W.D.1999) (reversing In re L.A.P., 640 S.W.2d 511 (Mo.App.1982)); see also In re N.S., 77 S.W.3d at 656.
The "only requirement [for receiving court-appointed counsel in all juvenile proceedings] was that father meet the statutory criteria [of Section 211.211.4]." In re N.S., 77 S.W.3d at 657. Because Father satisfied the statutory criteria of Section 211.211.4 entitling him to court-appointed counsel, we find that the trial court erred in failing to appoint counsel to represent Father at the juvenile proceedings prior to the TPR hearing. Point granted.[9]

Conclusion
The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
GARY M. GAERTNER, JR., P.J., and MARY K. HOFF, J., concur.
NOTES
[1] All references are to Mo.Rev.Stat.2007 unless otherwise indicated.
[2] It should be noted that in response to Father's motion to dismiss the termination petition on the grounds that he was denied counsel, the Juvenile Division did not raise a timeliness argument but simply argued that: "the Court should not dismiss the T.P.R. based on the fact that he does now have counsel for the termination of parental rights hearing."
[3] Rule 116.01(d), which mirrors the language of Section 211.211.4, provides:

When a petition has been filed and the juvenile's custodian appears before the court without counsel, the court shall appoint counsel for the custodian if it finds:
(1) that the custodian is indigent; and
(2) that the custodian desires the appointment of counsel; and
(3) that a full and fair hearing requires appointment of counsel for the custodian.
Mo. Sup. Court Rule 116.01 (2008).
[4] See also In re J.S.W. 295 S.W.3d 877, 880 (Mo.App. E.D.2009) ("Due to the gravity of proceedings to terminate parental rights, the terms of section 211.462.2 are to be strictly applied. Failure to appoint counsel to represent the parents or to obtain an affirmative waiver of that right has been held to be a reversible error.") (citations omitted).
[5] We note that the Juvenile Division cites Rules 81.04 and 81.05. However, the statutory time period for appeals in juvenile cases is governed by Rule 120.01 and Section 211.261.1.
[6] Because this court determined that the trial court erred in denying the father's first request for appointed counsel and reversed and remanded the case on those grounds, we determined it was not necessary to address the father's claim that the trial court erred in denying a later request for counsel before the hearing on the TPR petition. In re N.S., 77 S.W.3d at 658.
[7] Effective January 1, 2010, the right to counsel provisions in Rule 116.01 were amended and now appear in Rules 115.01-115.03. Rule 115.03 specifically provides that a "parent, guardian or custodian" is entitled to appointed counsel when the parent, guardian or custodian is indigent, asks for counsel, and when a full and fair hearing requires appointment of counsel. Mo. Sup. Court Rule 115.03 (2010). Additionally, Rule 110.05(a)(5) was repealed and replaced by Rule 110.04(a)(5), which defines "custodian" to mean "any person having physical custody of a juvenile in the absence of an order of court." Mo. Sup. Court Rule 110.04(a)(5) (2010).
[8] The Juvenile Division does not dispute that Father satisfies the three remaining criteria of Section 211.211.4, and the record likewise supports a finding that he meets the criteria.
[9] As Father's point alleging that the trial court erred in failing to appoint counsel is dispositive of this appeal, we do not address his second point relied on.