IN the INTEREST OF: G.M.G.;

Juvenile Officer, Respondent,

v.

T.R.E., Appellant.

WD 80205

Missouri Court of Appeals,
Western District.

OPINION FILED: August 8, 2017

CORRECTED AUGUST 9, 2017

Karen E. Bickel, Sturgeon, MO, for respondent.

Robert H. Brandon, Moberly, MO, for appellant.

Before Division One: James Edward Welsh, Presiding Judge, Lisa White Hardwick, Judge and Gary D. Witt, Judge

Gary D. Witt, Judge

T.R.E. ("Mother") appeals from the judgment of the Circuit Court of Randolph County terminating her parental rights to minor child, G.M.G., finding that, pursuant to section 211.447.5(1),[1] Mother had abandoned G.M.G. and, pursuant to section

211.447.5(3), Mother had failed to rectify the harmful conditions that prevent G.M.G.'s proper care. Mother argues that the trial court erred in issuing its judgment because Mother was not represented by an attorney at all points in the underlying neglect proceedings pursuant to section 211.211. We find that the court did not plainly err in failing to appoint an attorney to Mother for all underlying neglect proceedings. We affirm.

### Facts and Procedural History [2]

■ Mother gave birth to G.M.G. on July 7, 2004. Allegations arose that Mother was unable to control G.M.G.'s behavior, and he was without proper care, custody, and support. On August 23, 2012, Mother requested, in writing, that G.M.G. be placed in the temporary custody of the Missouri Department of Social Services, Children's Division ("Division"). Mother alleged that if G.M.G. were returned to her care and custody he posed a risk to himself as well as everyone in the home. A neglect case was opened, and a protective custody hearing for G.M.G. was held on August 24, 2012. At the hearing, Mother orally waived her right to counsel and filed a written waiver of appointment. The court determined that it was in the best interest of G.M.G. to be placed into the temporary custody and placement with the Division. An adjudication hearing was scheduled for October 2, 2012. The day before the adjudication hearing, October 1, Mother filed a request for the appointment of an attorney but, at the hearing, she waived her right to

---

**1.** All statutory citations are to RSMo 2000 as updated through the December 31, 2016 cumulative supplement, unless otherwise indicated.

**2.** We review the facts in the light most favorable to the trial court's judgment. *In the Interest of B.J.H.*, 356 S.W.3d 816, 820 n. 1 (Mo. App. W.D. 2012) (citation omitted). Mother

does not challenge the factual basis for the termination of her parental rights but only challenges the judgment based on her lack of appointed counsel during part of one of the underlying proceedings. Therefore, only cursory facts are set forth as they are unnecessary to our analysis of the issues presented.

counsel. The Division assumed legal and physical custody of G.M.G. on October 2, 2012, but counsel was appointed to Mother for the dispositional hearing set for November 6, 2012. At the dispositional hearing, however, Mother's counsel appointment was rescinded by the court due to concerns that counsel was improperly appointed and had a possible conflict. The dispositional hearing was held without counsel for Mother.

Mother again requested that the trial court appoint counsel on March 19, 2013. At that time, the trial court denied Mother's motion, finding that "mother can have a full and fair hearing at this stage absent counsel. Natural mother may hire counsel if she wishes." Mother moved again for appointment of counsel on July 19, 2013, but the court again denied her motion finding "mother requested to communicate with child's GAL [guardian ad litem] and CASA [court appointed special advocates] worker to help them assist with the stated goal of reunification. Should the goal be changed to termination, the court will reconsider natural mother's request for counsel." Based on subsequent actions by Mother, the stated goal was changed from reunification to termination on January 21, 2014. However, the court approved trial home placement of G.M.G. with Mother on February 27, 2015. The placement was cancelled on July 7, 2015.

Mother next moved for appointment of counsel on September 29, 2015, and on September 30, 2015, the court granted her motion and appointed counsel. Mother was continuously represented by counsel through final placement of G.M.G. and the conclusion of this cause of action, 12RA-JU00092.

A new cause of action was brought, again in Randolph County, for the termination of Mother's parental rights of G.M.G. on May 19, 2016, cause number 16RA-JU0059. Mother was continuously represented by counsel in the new action, which culminated in the termination of her parental rights. The trial court terminated Mother's rights on September 27, 2016. The trial court found that, pursuant to sections 211.447.5(1), Mother had abandoned G.M.G. and, pursuant to 211.447.5(3), she had failed to rectify the harmful conditions that prevented G.M.G.'s proper care. This appeal followed.

## Standard of Review

Our review of this decision is in accordance with *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 815 (Mo. banc 2011) (citation omitted). The judgment will be reversed only if this court is left with a firm belief that the order is wrong. *Id.* Evidence is reviewed in light most favorable to the trial court's decision, and this court defers to the trial court's credibility determinations. *Id.* The same standard of review applies in all types of court-tried cases regardless of the burden of proof at trial. *Ivie v. Smith*, 439 S.W.3d 189, 199 (Mo. banc[sic] 2014). However, the termination of parental rights is an exercise of awesome power and strict and literal compliance with the statutory language is demanded. *In re Baby Girl W.*, 728 S.W.2d 545, 547 (Mo. App. W.D. 1987). "The party seeking to invoke the statute must carry the full burden of proof." *Id.* (citation omitted).

*In the Interest of G.E.R. v. B.R.*, 441 S.W.3d 190, 195 (Mo. App. W.D. 2014). "Termination of parental rights is an exercise of 'awesome power,' and therefore we

review such cases closely." *In re C.F. & A.K.*, 340 S.W.3d 296, 298 (Mo. App. E.D. 2011) (citation omitted).

## Discussion

■ Mother's sole point on appeal is that the trial court erred in terminating her parental rights because she did not receive court-appointed counsel to which she was entitled under section 211.211. Mother does not dispute the trial court's findings that grounds existed to terminate her parental rights based on abandonment and failure to rectify.

■ As a preliminary matter, the Division argues that the appointment of counsel issue was not properly raised before the trial court. Appeals from juvenile court decisions may be taken as allowed by statute. *See* Rule 120.01.[3] Section 512.160.1 states that:

> Apart from questions of the trial court over subject matter and questions as to the sufficiency of pleadings to state a claim upon which relief can be granted or a legal defense to a claim, no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court.

In general, where there is no pleading or argument in the record concerning the issue presented on appeal and the issue is raised for the first time on appeal, it has not been preserved for review. *In the Interest of J_Y_*, 637 S.W.2d 670, 673 (Mo. banc 1982). We agree with the Division that it does not appear that Mother properly raised the issue regarding her legal representation before the trial court either before or after its judgment. As such, it is not an error preserved for review.

■ An issue not preserved for review may still be considered by this court but will only be reviewed for plain error. *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 808-09 (Mo. banc 2011). "In determining whether to exercise its discretion to provide plain error review, the appellate court looks to determine whether there facially appears substantial grounds for believing that the trial court committed error that is evident, obvious and clear, which resulted in manifest injustice or a miscarriage of justice." *Id.* at 809 (*quoting In re R.S.L.*, 241 S.W.3d 346, 351 (Mo. App. W.D. 2007)). "Even statutory errors that are evident, obvious, and clear, must result in manifest injustice or a miscarriage of justice." *Id.*

We note that Mother challenges the trial court's judgment terminating her parental rights not because she was denied counsel in the case giving rise to this appeal but because Mother was unrepresented in a prior but related separate custody and placement proceeding regarding G.M.G. Mother argues that because she was unrepresented in those proceedings she was ultimately prejudiced in the adjudication of her parental rights in the underlying proceeding. Such a challenge is supported by *In re C.F.*, 340 S.W.3d 296, 298 (Mo. App. E.D. 2011), which allowed a similar challenge to proceed.

We further note that challenging the actions in one proceeding in another proceeding under plain error review is a difficult task; if not raised, errors of another court may hardly be obvious and clear to a separate tribunal in a subsequent proceeding. In this case, Judge Gebhardt oversaw parts of both proceedings, but Judge Hays oversaw the majority of the underlying neglect case. Judge Gebhardt, however, was made aware of the status of Mother's legal representation in the neglect case at the termination hearing. The transcript of

---

3. All rule references are to Missouri Supreme Court Rules (2016).

the hearing shows that Judge Gebhardt was made aware that Mother did not always have representation during the neglect proceeding, but it does not show that Mother ever challenged the legality of that lack of legal representation.

Still, we find that the trial court did not commit an obvious and clear error, nor did the alleged error result in manifest injustice. Section 211.211[4] establishes a party's right to counsel in juvenile proceedings. When a petition has been filed and the child's custodian appears before the court without counsel, the court shall appoint counsel for the custodian if the court finds:

    (1)   That the custodian is indigent; and

    (2)   That the custodian desires the appointment of counsel; and

    (3)   That a full and fair hearing requires appointment of counsel for custodian.

Section 211.211.4. As outlined above, the only times Mother was without representation in the underlying proceedings were when Mother either knowingly and voluntarily waived her right to counsel or when the trial court made an express finding that appointment of counsel was not necessary for a "full and fair hearing." Mother makes no challenge to these findings, but merely argues generally that an indigent parent is entitled to appointment of counsel under section 211.211 and *In re C.F.* *See In re C.F.*, 340 S.W.3d at 298. We disagree with Mother's general pronouncement that custodians are always entitled to legal representation at all hearings. The statute clearly states that such legal representation is only mandated where the custodian makes a request *and* appointment is necessary for a full and fair hearing. Section 211.211.4. Mother repeatedly waived her right to counsel at various stages of these proceedings. When she did make a request for counsel, the trial court either appointed counsel or expressly stated Mother did not meet the third requirement of section 211.211.4. Absent any allegation that these findings were erroneous, this Court cannot find that the trial court plainly erred in denying Mother's request for appointment of counsel in the underlying custody proceedings to this case. Because there was no clear and obvious error, we need not consider whether Mother suffered manifest injustice.

## Conclusion

The judgment of the circuit court is affirmed.

All concur

---

**4.** The legislature amended certain provisions of section 211.211 in 2017. Those provisions, however, are not relevant to this discussion.