**In the Matter of David RAY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 45077.**

Missouri Court of Appeals,
Western District.

May 12, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 30, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Joseph G. Zuzul, Nevada, for appellant.

Clate Jay Baker, Springfield, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

Movant, David Ray, has appealed from an order of the Probate Division of the Circuit Court of Vernon County, following an evidentiary hearing, which denied his section 552.040 motion for conditional release from the custody of the Department of Mental Health. Movant had been committed to the custody of the Department of Mental Health after having been found not guilty of a charge of attempted forcible rape in December, 1990.

Movant does not challenge the sufficiency of the evidence to support the court's order, but he claims the court erred in placing upon movant the burden "to prove by clear and convincing evidence that the person for whom release is sought is not likely to be dangerous to others while on conditional release." That standard of proof was established by an amendment of § 552.040 which became effective May 29, 1991. Before that date, the burden of proof was upon the opponent of the motion to contradict the same.

The motion for conditional release was heard on June 10, 1991,—after the effective date of the amendment to the statute—but movant says the standard of proof applicable to this motion is that which prevailed at the time of his commitment in March 30, 1990.

Movant acknowledges that the assignment of burden of proof is a procedural matter, and that procedural statutes are retroactive in operation unless the contrary intention appears. *State v. Thomaston,*

726 S.W.2d 448, 461 (Mo.App.1987). He says, however, that the amended burden of proof provision applies only to those committed under "this section," and that "this section" is the amended and reenacted statute, effective only on May 29, 1991, and afterwards. Since movant was committed under the pre-amendment statute, he argues, he was not committed under "this section" and the provision re-assigning the burden of proof to him is not applicable to his case.

It is clear to us, however, that the legislature intended to include among persons committed under "this section," both persons committed under the section before the amendment and those committed under the section after the amendment. Section 1.120, RSMo, 1986 provides: "The provisions of any law or statute which is reenacted, amended or revised, so far as they are the same as those of a prior law, shall be construed as a continuation of such law and not as a new enactment." The parts of the statute which relate to the commitment of persons acquitted of crime because of mental disease or defect have remained the same; the only changes made by the 1991 amendment were in the procedures for conditional release, including the shifting of the burden of persuasion.

■ Movant then argues that the burden of persuasion amendment of 1991 is not applicable to him because he was not convicted of any of the offenses listed in the § 552.040.11(6). The shift of the burden of persuasion applies only to those convicted of "violent crimes against persons" which are "violations" of certain statutes. One of those statutes is § 566.030, punishing forcible rape. Movant says he was not convicted of forcible rape as defined by § 566.030, but was convicted of violation of § 564.011, which is a general statute punishing attempts to commit crimes.

We hold an attempt to commit forcible rape is "violent crime against [a person]" and a "violation" of § 566.030. An attempt, of course, is by itself nothing; it is the crime which is attempted which makes the attempt itself a crime. An attempt is defined as a "substantial step towards the commission of the offense," done with the "purpose to complete the commission of the offense." Section 564.011.1, RSMo 1986. The attempt is a lesser included offense of the completed offense. Section 556.046.-1(1), RSMo 1986. An attempt to commit forcible rape, while not a forcible rape as defined by § 566.030, is yet a "violent crime against another person [in] violation of section ... 566.030...." Section 552.-040.6, RSMo Supp.1991. Section 552.040.-11(6), with its provision for shifting the burden of persuasion to movant, is therefore applicable to movant.

Judgment affirmed.

All concur.